**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| TADARYL WILLIAMS, | ) | 3:09-CV-0678-LRH (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | January 28, 2011 |
| | ) | |
| GREGORY MARTIN, et al. | ) | |
| | ) | |
| Defendant(s). | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Plaintiff has filed a motion for recusal of Magistrate (#31), seeking to have Magistrate Judge Valerie Cooke removed from this action. Recusal is governed by 28 U.S.C. §§ 144 and 455. Plaintiff's affidavit must set forth facts and reasons for the belief that bias or prejudice exists. 28 U.S.C. § 144. The standard for recusal under Sections 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Id*. The challenged judge should rule on the legal sufficiency of a recusal motion in the first instance. *Id.* at 939.

Plaintiff's allegations are too vague to meet the sufficiency requirement of Section 144. See 28 U.S.C. § 144 (Party must file timely affidavit setting forth facts and reasons for the belief that bias or prejudice exists). Plaintiff's motion for recusal of Magistrate is without merit. Plaintiff has shown no reason for this judge's impartiality in this case to be questioned.

IT IS THEREFORE ORDERED that plaintiff's motion to recuse (#31) is **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:   /s/
Deputy Clerk