# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TADARYL WILLIAMS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GREGORY MARTIN, *et al.*,<br><br>　　　　Defendants. | Case No. 3:09-cv-0678-LRH-VPC<br><br>**ORDER** |

　　Plaintiff Tadaryl Williams, has filed an objection to the Magistrate Judge's orders denying appointment of counsel and finding that he did not state a claim under the due process or equal protection clauses of the Fourteenth Amendment based upon the factual allegations that the prison does not have a sufficient medical systems in place to address the serious medical needs of the plaintiff. Plaintiff's objections shall be denied.

　　A litigant in a civil right action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

　　As noted in the screening order, plaintiff has not demonstrated that extraordinary circumstances exist which require appointment of counsel. He admits that he has prior litigation experience and his arguments and briefing in this matter reinforce the court's conclusion that counsel is not necessary.

Plaintiff's citation to Third Circuit case law in support of his objection is not precedential or binding on this Court. This Court is bound by the holdings of the Ninth Circuit Court of Appeals and those of the United States Supreme Court. Neither of these courts finds it imperative to appoint counsel for plaintiffs such as Mr. Williams.

Plaintiff next objects to the Magistrate Judge's determination that he had failed to state a claim for a due process or equal protection violation based upon the denial of medical care and the denial of timely processing of plaintiff's grievances. The Magistrate Judge concluded these facts did not meet the requirements of a due process or equal protection claim because plaintiff did not establish the existence of a liberty interest in medical care or in a particular time line for processing grievances. Further, the Magistrate Judge concluded that plaintiff had failed to identify his membership a protected class as the basis for the defendants' alleged actions.

The United States Supreme Court has held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). Plaintiff's claims related to denial of medical care can be properly addressed under the rubric of the Eighth Amendment's prohibition against cruel and unusual punishment, as the United States Supreme Court has long ago determined.

This Court finds that the Magistrate Judge was correct in her analysis and the order shall be upheld.

**IT IS THEREFORE ORDERED** that the plaintiff's objections (ECF No. 14) are **DENIED**. The Magistrate Judge's Order (ECF No. 10) shall stand as written.

DATED this 25th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE