**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **TADARYL WILLIAMS** )<br><br>Plaintiff, )<br><br>v. )<br><br>**GREGORY MARTIN, ET AL.** )<br><br>Defendants. )<br>_____ ) | 3:09-cv-00678-LRH-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**<br><br>May 3, 2011 |

        This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants' partial motion to dismiss count I of plaintiff's complaint (#40).[1]  Plaintiff opposed (#50) and defendants replied (#53).  The court has thoroughly reviewed the record and recommends that defendants' motion (#40) be granted.

**I.  HISTORY & PROCEDURAL BACKGROUND**

        Plaintiff Tadaryl Williams ("plaintiff") is an inmate at High Desert State Prison ("HDSP") in the custody of the Nevada Department of Corrections ("NDOC") (#23).  Plaintiff's complaint alleges violations of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment due process and equal protection rights (#1-1).  Pursuant to 28 U.S.C. § 1915A, the court screened the complaint and permitted the following claims to advance: (1) due process violation against defendants Large and Willis for failure to process plaintiff's grievances, and (2) Eighth Amendment deliberate indifference to a significant medical need against all defendants, except defendants Large and Willis (#10, pp. 5-7).

        Plaintiff's complaint arises from an incident on or about February 26, 2009, at which time plaintiff developed blood clots in his legs that defendants did not treat for over five days (#1-1, p.

_____

        [1]        Refers to the court's docket numbers.

5).  Plaintiff claims the delay in treatment resulted in pain and long-term disability.  *Id.*  Plaintiff's claim alleges that defendants Large and Willis refused to process his grievances related to this incident, thus causing him to voluntarily dismiss a previously filed action based on the same set of facts, due to his failure to exhaust administrative remedies.  *Id.* at 6, 9.  Plaintiff's deliberate indifference claim against all defendants, other than defendants Large and Willis, relates to defendants' deprivation of medical care, which plaintiff alleges was due in part to the prison's funding priorities.  *Id.* at 8.

Defendants' instant motion requests that the court dismiss plaintiff's procedural due process claim in Count I for failure to state a claim upon which relief may be granted (#40, p. 2). Additionally, defendants seek "dismissal of defendants Large and Willis because they are only implicated in Count I."  *Id.*  Defendants argue that the due process claim must be dismissed because "[p]laintiff has no liberty interest in the processing of his administrative grievances."  *Id.*  Further, defendants believe that even if the court construes plaintiff's complaint liberally to find that he was "attempting to state a First Amendment access to the courts claim, Plaintiff fails to allege any actual injury," causing his claim to fail as a matter of law.  *Id.*   Defendants note that "even construing Plaintiff's allegations as true, a mere delay in filing an action is not enough to state a viable access to court claim if the action was nevertheless timely filed or accepted and considered by the court." *Id.* at 6.  Finally, defendants comment that plaintiff's current lawsuit "based on the same claims and same defendants as his previous action, both of which are the subject of the grievances he alleges were not processed properly, clearly shows Defendants Willis and Large did not infringe Plaintiff's First Amendment right to petition the government for redress of his grievances."  *Id.*

In his opposition, plaintiff first argues that *Wolff* is no longer controlling law for procedural due process claims; therefore, he believes that his due process claim does not fail as a matter of law (#50, p. 2).  Plaintiff goes on to state that "defendants deprived him of due process when they failed to comply with Nevada Department of Corrections Administrative Regulation 613.01(1), and failed to have an adequate medical system with competent staff to address the serious needs associated with prisoners' medical emergencies."  *Id.* at 4.  In response to a potential First Amendment access to

court claim, plaintiff states that he was actually injured. *Id.* at 5. Plaintiff explains that his previously filed case, 3:09-cv-00285-BES (RAM), included colorable equal protection and due process claims. *Id.* Plaintiff claims he was actually injured by not being able to pursue his initial case, "based on his inability to present his claims of violation of equal protection, and violation of due process by defendants in this instant case." *Id.* at 6.[2]

In defendants' reply, they argue that plaintiff's belief that *Wolff* is not controlling law is "simply wrong and does not support his argument that he has a colorable procedural due process claim" (#53, p. 3). Defendants also explain that "any alleged failure to provide emergency medical treatment or follow regulations related to medical emergencies have [sic] absolutely nothing to do with Defendants Willis and Large - the only Defendants implicated in the surviving portion of Count I." *Id.* Defendants also point out that the right to seek redress through the courts stems from the First Amendment, not the Due Process Clause of the Fourteenth Amendment. *Id.* at 3 n.1. Notwithstanding this distinction, defendants again state that plaintiff's due process claim fails as a matter of law because he does not have a liberty interest in the prison grievance system. *Id.* at 4. Further, defendants again argue that even if plaintiff's claim against defendants Willis and Large is construed as a First Amendment access to court claim, it also fails as a matter of law because plaintiff fails to show he suffered an actual injury. *Id.* at 5. Specifically, defendants explain that plaintiff's voluntarily dismissal of his previous complaint is not an actual injury. *Id.* Likewise, plaintiff's allegation that he suffered an injury because, in the instant case, the court dismissed some of his claims upon screening for failure to state a claim, does not implicate any wrongdoing on the part of defendants Willis and Large. *Id.* at 5-6.

## II. DISCUSSION & ANALYSIS

**A.   Discussion**

   **1.     Motion to Dismiss**

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law." *North*

---

[2]     The court believes plaintiff is referencing the court's screening of the instant case, which resulted in dismissal of plaintiff's equal protection claim and his due process claim against defendants, other than defendants Willis and Large (#10, p. 5-6).

1   *Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir.1983) (citation omitted).  To survive a

2   motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a

3   claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting

4   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the

5   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

6   defendant is liable for the misconduct alleged.  *Id.* at 1955.

7   When considering a motion to dismiss for failure to state a claim upon which relief can be

8   granted, the court employs to a two-pronged approach.  *Id.*  First, the court must accept as true all

9   of the allegations contained in a complaint is inapplicable to legal conclusions.  *Id.*  Second, only a

10  complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*  In other words,

11  for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable inferences from

12  that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S.*

13  *Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Thus, a complaint may be dismissed as a matter of

14  law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."

15  *Smilecare Dental Group v. Delta Dental Plan,* 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson*

16  *v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)).

17  Under Section 1983, a plaintiff must allege that (1) defendants subjected him to the

18  deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or federal law, and

19  (2) that the defendant acted under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see*

20  *also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

21  A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where

22  it appears certain that the plaintiff would not be entitled to relief.  *Ortez v. Washington County, State*

23  *of Or.,* 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less

24  stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner,* 404 U.S. 519 (1972),

25  sweeping conclusory allegations will not suffice. *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988).

26  **B.    Analysis**

27  Defendants move this court to dismiss plaintiff's due process claim against defendants Willis

1  and Large for failure to state a claim upon which relief can be granted (#40). Defendants argue that

2  plaintiff does not have a liberty interest in the prison's administrative grievance procedure. *Id.* at 2.

3  Further, defendants note that plaintiff's claim is more accurately characterized as a First Amendment

4  access to court claim, instead of a Fourteenth Amendment due process claim (#53, p. 3 n.1).

5  Defendants believe that a First Amendment claim also fails, as plaintiff did not allege an actual

6  injury related to voluntary dismissal of his previous lawsuit (#40, p. 6). Plaintiff argues that *Wolff*

7  is not controlling law for due process claims and that, as a result, his claim does not fail as a matter

8  of law (#50, p. 2). Plaintiff also believes that defendants failed to afford him due process when they

9  did not provide adequate medical care. *Id.* at 4. Finally, plaintiff states that he was actually injured

10  by defendants Willis's and Large's refusal to process his grievances because he was forced to

11  voluntarily withdraw his previously filed lawsuit, which included equal protection and due process

12  claims. *Id.* at 5. While plaintiff was permitted to file the same suit again, he believes he was

13  prejudiced because, upon screening of the instant case, the court dismissed plaintiff's due process

14  claims against all defendants, other than Willis and Large, and also dismissed plaintiff's equal

15  protection claims - claims that had been permitted to advance in his initial lawsuit. *Id.* at 6.

16        **1.    Fourteenth Amendment Due Process**

17        The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary

18  government action by prohibiting states from depriving people of "life, liberty, or property without

19  due process of law." U.S. Const. amend. XIV. In order to prevail on a claim of deprivation of

20  liberty without due process of law, a plaintiff must first establish the existence of a liberty interest.

21  After meeting this threshold requirement, the plaintiff must then demonstrate that defendants failed

22  to provide the process due. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

23        Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v.*

24  *Helms*, 459 U.S. 460, 466-68 (1983), *abrogated in part on other grounds by Sandin v. Conner*, 515

25  U.S. 472 (1995). An inmate does not have a protected liberty interest in prison grievance procedures

26  because there is no free-standing constitutional right to a grievance process. *Mann v. Adams,* 855

27  F.2d 639, 640 (9th Cir.1988)*; Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v.*

1   *Rice,* 40 F.3d 72, 75 (4th Cir.1994); *Buckley v. Barlow,* 997 F.2d 494, 493 (8th Cir.1993) (*per*

2   *curiam*). Rather, liberty interests that entitle an inmate to due process are generally limited to

3   freedom from restraint which, while not exceeding the sentence in such an unexpected manner as

4   to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical

5   and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin*,

6   515 U.S. at 484 (internal citations omitted).

7           There is no single standard for this comparison; instead, courts examine the "condition or a

8   combination of conditions or factors" case-by-case. *Kennan v. Hall*, 83 F.3d 1083, 1089 (9th Cir.

9   1996).   Specifically, courts consider three factors in undertaking this analysis: (1) whether the

10  challenged sanction "mirrored those conditions imposed upon inmates in administrative segregation

11  and protective custody" demonstrating that the prison acted within its discretionary authority, (2) the

12  duration of the sanction, and (3) whether the sanctions will affect the length of the prisoner's

13  sentence. *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003).

14          Notably, *Sandin* did not alter the Supreme Court's ruling in *Wolff*, which held that state law

15  creates a liberty interest in inmates' accumulation of good-time credits. *Wolff*, 418 U.S. at 556-57.

16  Therefore, if an inmate challenges a prison's disciplinary action because it results in the forfeiture

17  of his good-time credits thereby increasing the length of his sentence, a liberty interest is recognized

18  under *Wolff* and *Sandin*.  This liberty interest triggers the due process guarantees available to inmates

19  under *Wolff*, including: (1) advanced, written notice of the charges; (2) no less than twenty-four

20  hours between notice of the charges and the disciplinary hearing; (3) a written statement provided

21  by the factfinders detailing the evidence relied upon and the reasons for disciplinary action; (4) the

22  inmate's ability to call witnesses and to present evidence, provided such action does not compromise

23  prison safety; and (5) the right to legal assistance if the legal issues are complex or the inmate is

24  illiterate. *Id.* at 563-70.

25          The court agrees with defendants that plaintiff's claim against defendants Willis and Large

26  is most accurately construed as a First Amendment access to court claim, rather than a due process

27  claim.  Plaintiff's allegation in his complaint against defendants Willis and Large is that they

1  "violated [plaintiff's] First Amendment right to exhaust admin. remedies and access to courts" (#10,

2  p. 6). Plaintiff also notes in his complaint that he voluntarily dismissed a previously filed complaint

3  based on the same or similar facts in order to exhaust his administrative remedies. *Id.* at 9. In his

4  opposition, plaintiff explains the connection between his claims against defendants Willis and Large

5  and the voluntary dismissal of his previous case, stating that defendants Willis and Large

6  "maliciously intercept[ed] Plaintiff [sic] grievances regarding [his] medical claim, thereby, forcing

7  Plaintiff to file a voluntary dismissal" (#50, p. 5). The court's screening order for the instant case

8  states that plaintiff "does present facts consistent with a denial of his due process right to seek

9  redress through the courts against defendant C. Large and C. Willis" (#10, p. 5). However, based

10 upon plaintiff's complaint that he was forced to voluntarily dismiss his previous case due to

11 defendants Willis's and Large's conduct, the court should have allowed this claim to proceed as a

12 First Amendment access to court claim, rather than a due process claim.

13      Notwithstanding, the court notes for the record that plaintiff does not have a liberty interest

14 in the prison's administrative grievance process. Additionally, plaintiff's claim in his opposition that

15 "defendants deprived him of due process when they failed to comply with Nevada Department of

16 Corrections Administrative Regulation 613.01(1), and failed to have an adequate medical system

17 with competent staff to address the serious needs associated with prisoners' medical emergencies,"

18 is not at issue in the instant case. Upon screening, the court dismissed plaintiff's due process claims

19 against all defendants, other than defendants Willis and Large. Plaintiff does not allege that

20 defendants Willis and Large were responsible for addressing his medical emergencies; therefore, they

21 cannot have deprived him of his due process rights by failing to address his medical needs, rendering

22 plaintiff's argument inapplicable to the instant dispute. Finally, the court draws plaintiff's attention

23 to the legal standard for due process claims to highlight the fact that *Wolff* remains controlling law,

24 alongside *Sandin*.

25      To the extent that plaintiff ever had a Fourteenth Amendment due process claim against

26 defendants Willis and Large for their failure to process his administrative grievances, the court

27 recommends that the claim be dismissed for failure to state a claim. The court addresses plaintiff's

1  claim against defendants Willis and Large under the First Amendment access to the court standard,

2  below.

3           **2.      First Amendment Access to Court**

4           Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey,* 518 U.S.

5  343, 346 (1996).  To establish a violation of the right to access the courts, a prisoner must establish

6  that he or she suffered an actual injury, a jurisdictional requirement that flows from the standing

7  doctrine and may not be waived.  *See Lewis,* 518 U.S. at 348 (citation omitted); *see also Alvarez v.*

8  *Hill,* 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a non-frivolous

9  legal claim ha[s] been frustrated is fatal" to a claim for denial of access to courts) (citing *Lewis,* 518

10 U.S. at 353 n.4)).  Actual injury is defined as actual prejudice with respect to contemplated or

11 existing litigation, such as inability to meet a filing deadline or present a claim.  *Id.* at 348 (citation

12 and internal quotations omitted).

13          Here, plaintiff argues that defendants Willis's and Large's conduct - interference with his

14 grievance filing - forced him to voluntarily withdraw a previously filed complaint, which alleged the

15 same set of facts as the instant case.  Upon screening of the previously filed suit, the court allowed

16 plaintiff's equal protection and due process claim related to denial of medical care to proceed.  In

17 contrast, upon screening of the instant litigation, the court dismissed plaintiff's equal protection and

18 due process claims related to his medical care.  Plaintiff believes that the inability to pursue his equal

19 protection and due process claims is the "actual injury" required to state a First Amendment access

20 to court claim.  The court disagrees.

21          First, even if defendants Willis and Large interfered with plaintiff's grievance filings, thus

22 affecting his previous case, they were unsuccessful in preventing plaintiff from proceeding with

23 litigation regarding the events that occurred on or about February 26, 2009, and in the following

24 days.  Presumably upon exhaustion of his administrative remedies, a requirement under the Prison

25 Litigation Reform Act, plaintiff refiled his claims, suffering only a delay in litigation, not denial of

26 access to this court or the inability to present his claims.  Such a delay does not state a First

27 Amendment access to court claim as it does not prevent plaintiff from presenting his claims.

Second, the court's screening of plaintiff's complaint does not implicate defendants Willis and Large.  In other words, defendants' failure to process plaintiff's grievances does not affect the court's independent screening process.  As inmate Section 1983 cases are filed, the court assigns them to specific judges.  The judges use the applicable law and their discretion to analyze each claim presented in the case.  Whether a judge elects to dismiss a claim is not determined by a third party's conduct, such as defendants Willis and Large, but rather by the court's sound judgment.  In this case, the court dismissed plaintiff's equal protection and due process claims against all defendants, other than defendants Willis and Large, because it determined that plaintiff failed to state equal protection or due process claims in his complaint.  Plaintiff was not denied the right to proceed with these claims due to defendants Willis and Large, but rather because the claims failed as a matter of law.

Therefore, the court finds that plaintiff fails to identify an actual injury that resulted from defendant Willis's and Large's conduct.  As a result, plaintiff's First Amendment access to court claim fails as a matter of law.  The court recommends that plaintiff's claim in Count I against defendants Willis and Large be dismissed.  Likewise, as this is the only claim that implicates defendants Willis and Large, the court recommends that these defendants be dismissed.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that defendants' partial motion to dismiss count I of plaintiff's complaint (#40) be **GRANTED**, as plaintiff fails to state a Fourteenth Amendment due process or First Amendment access to court claim against defendants Willis and Large.  The court also recommends that defendants Willis and Large be **DISMISSED** from this litigation. The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

///

1    2.    This Report and Recommendation is not an appealable order and any notice of appeal

2    pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

3    **IV.  RECOMMENDATION**

4    **IT IS THEREFORE RECOMMENDED** that defendants' partial motion to dismiss count

5    I of plaintiff's complaint (#40) be **GRANTED**.

6    **IT IS FURTHER RECOMMENDED** that defendant Willis and Large be **DISMISSED**

7    from this action.

8    **DATED**: May 3, 2011.

9

10

11    _____

12    **UNITED STATES MAGISTRATE JUDGE**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27