UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TADARYL WILLIAMS, <br><br>       Plaintiff, <br><br> v. <br><br> GREGORY MARTIN; et al., <br><br>       Defendants. | 3:09-cv-0678-LRH-VPC <br><br> ORDER |

Before the court is plaintiff Tadaryl Williams's ("Williams") objection to the magistrate judge's order denying his motion for sanctions (Doc. #30[1]). Doc. #36. Also before the court is Williams's objection to the magistrate judge's order denying his motion for recusal (Doc. #38). Doc. #51.

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Here, Williams objects to the magistrate's denial of his motion for sanctions (Doc. #30) arguing that the magistrate judge erred by not finding bad faith on the part of legal researcher Molly Sims who "misread and/or misinterpreted" Williams's NOTIS report. Doc. #36.

---

[1] Refers to the court's docket entry number.

1    The court finds that Williams has failed to show that the magistrate's order is either
2 contrary to law or clearly erroneous. Williams simply re-alleges his arguments for sanctions based
3 upon Molly Sims's misinterpretation of his NOTIS report; conduct which the magistrate found did
4 not constitute bad faith. Williams has not shown to this court that the magistrate's decision was in
5 error. Accordingly, the court shall affirm the magistrate judge's order.

6    Additionally, Williams objects to the magistrate judge's denial of his motion for recusal of
7 the magistrate judge (Doc. #38). Doc. #51. Motions for recusal are governed by 28 U.S.C. §§ 144
8 and 145. Under section 144, a party seeking recusal must set forth in an affidavit, facts and reasons
9 for the belief that bias or prejudice exists. The standard for recusal is "whether a reasonable person
10 with knowledge of all the facts would conclude that the judge's impartiality might be reasonably
11 questioned." *United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986).

12    Williams's sole basis for recusal of the magistrate judge is due to her adverse rulings in
13 prior orders in this action. *See* Doc. #51. Adverse rulings alone are an insufficient basis to
14 challenge a judge's impartiality. *See Studley*, 783 F.3d 934. As such, the court finds that Williams
15 has failed to show that the magistrate's order is either contrary to law or clearly erroneous.
16 Williams does not point to any legal or factual error in the magistrate's order. Further, the court
17 finds that a reasonable person with knowledge of all the facts would conclude that the magistrate
18 judge's impartiality is not in question. *See Studley*, 783 F.2d at 940. Accordingly, the court shall
19 affirm the magistrate's order.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26

1     IT IS THEREFORE ORDERED that plaintiff's objections to the magistrate judge's orders
2 denying his motion for sanctions (Doc. #36) and denying his motion for recusal (Doc. #51) are
3 DENIED.
4     IT IS FURTHER ORDERED that the magistrate judge's orders denying plaintiff's motion
5 for sanctions (Doc. #30) and denying his motion for recusal (Doc. #38) are AFFIRMED.
6     IT IS SO ORDERED.
7     DATED this 3rd day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3