UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TADARYL WILLIAMS,

    Plaintiff,

v.

GREGORY MARTIN, *et al.*,

    Defendants.

3:09-cv-00678-LRH-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

March 21, 2012

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for prospective injunctive relief (#74).[1] Defendants opposed (#77) and plaintiff replied (#79). The court has thoroughly reviewed the record and recommends that plaintiff's motion for prospective injunctive relief (#74) be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Tadaryl Williams ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#83). Plaintiff's complaint alleges violations of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment due process and equal protection rights (#1-1). Pursuant to 28 U.S.C. § 1915A, the court screened the complaint and permitted the following claims to advance: (1) due process violation against defendants Large and Willis for failure to process plaintiff's grievances; and (2) Eighth Amendment deliberate indifference to a serious medical need against all defendants, except defendants Large and Willis (#10). The court previously dismissed the due process claim in count I due to plaintiff's failure to state a claim upon which relief may be

---

[1] Refers to the court's docket numbers.

granted (#65).[2] Plaintiff's sole remaining claim alleges an Eighth Amendment deliberate indifference to a serious medical need claim against seven defendants.[3]

Plaintiff's complaint arises from an incident on February 26, 2009, at which time plaintiff developed blood clots in his legs that defendants did not treat for over five days (#1-1, p. 5). Plaintiff claims the delay in treatment resulted in pain and long-term disability. *Id.* Plaintiff's deliberate indifference claim against defendants relates to defendants' deprivation of medical care, which plaintiff alleges was due in part to the prison's funding priorities. *Id.* at 8.

Plaintiff filed an earlier motion for injunctive relief on November 18, 2009, related to his underlying Eighth Amendment claim (#13), which the court denied for the following reasons: (1) plaintiff's request was over broad; (2) plaintiff did not show that irreparable harm would occur absent injunctive relief; (3) plaintiff did not demonstrate a likelihood of success on the merits; (4) the balance of hardships favored defendants; and (5) injunctive relief was not in the public interest (#60).

Plaintiff filed the present motion for injunctive relief on October 7, 2011 (#74). Plaintiff alleges that defendants "maliciously confiscate[d] and destroy[ed] plaintiff's legal work, legal mail and legal documents." *Id.* at 1. In his motion, plaintiff asks the court to "order defendants to produce [his] legal box, which included his legal work and legal documents." *Id.* at 3. Plaintiff also requests that the court "order defendants and their subordinates . . . to cease and desist retaliating against plaintiff by denying his access to the courts by maliciously stealing and misplacing his legal work." *Id.* at 4.

Defendants oppose plaintiff's motion and argue that plaintiff's claims regarding his legal property are without merit and cite to plaintiff's inmate inventory transfer sheet in support of this

---

[2] The court also dismissed defendants Willis and Large from this action (#65).

[3] The remaining defendants include: (1) Correctional Officer Loren Stephey; (2) Correctional Officer Brenda Atwood; (3) ESP Nurse Practitioner Gregory Martin; (4) NDOC Medical Director Robert Bannister; (5) ESP Nurse Gloria Carpenter; (6) former NDOC Director Howard Skolnik; and (7) former ESP Warden Eldon K. McDaniel (#10). The court previously dismissed defendant physician nurse at William Bee Ririe hospital from this action (#78).

2

contention (#77, p. 2).[4] Defendants also assert that plaintiff's requested injunctive relief is not proper under these circumstances because his request is "not related to the underlying Eighth Amendment controversy." *Id.* at 5. Defendants state that the court should not allow plaintiff to circumvent NDOC's grievance process and allege a claim that is unrelated to his underlying complaint. *Id.*

In reply, plaintiff claims that defendants' assertions regarding his legal property are inconsistent with available records and states that NDOC employees placed his legal boxes in the High Desert State Prison ("HDSP") property room (#79, p. 1, 3). Plaintiff argues that his request for injunctive relief is related to his underlying Eighth Amendment claim because "defendants are maliciously and intentionally stealing plaintiff's legal work, thus causing plaintiff actual injury and denying plaintiff access to the courts." *Id.* at 5. Lastly, plaintiff states that defendants' actions have interfered with the court's order for discovery because he has been unable to participate in discovery. *Id.*

The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Preliminary Injunction Legal Standard

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 688-90 (2008) (citations and quotation omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). The instant motion requires that the court determine whether plaintiff has established the following: (1) he is likely to succeed on the

---

[4] Defendants attach AR 711, the procedure for documentation and inventory of inmates' property, plaintiff's inmate inventory transfer sheet, property transfer manifest, and declarations authenticating the documents (#77, Exs. A, C, D-H).

3

merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 622 F.3d. 1045, 1049-50 (9th Cir. 2010); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51 (Ginsburg, J., dissenting) ("[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high . . . This Court has never rejected that formulation, and I do not believe it does so today."); *see also Alliance*, 622 F.3d. at 1049. In light of the *Winter* decision, however, the Ninth Circuit has indicated, "[t]o the extent our cases have suggested a lesser standard, they are no longer controlling, or even viable." *Am. Trucking Assocs. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). Accordingly, plaintiff is required to make a showing on all four of the preliminary injunction requirements.

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

4

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, Section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

**B.      Analysis**

Plaintiff asks the court for injunctive relief from conduct which is unrelated to the present lawsuit. The Supreme Court has held that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.* A court need not consider claims that were not raised in the complaint. *McMichael v. Napa County*, 709 F.2d 1268, 1273 n.4 (9th Cir. 1983). Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Courts use injunctive relief to address issues related to the underlying violations presented in the complaint. Plaintiff's pending lawsuit includes an Eighth Amendment claim of deliberate indifference to a significant medical need. In his motion for injunctive relief, plaintiff alleges that defendants confiscated and destroyed his legal property (#74). Plaintiff states that the "crux of [his] complaint" is an Eighth amendment claim relating to blood-clots plaintiff suffered; however, his motion focuses on claims related to his legal property and retaliation. *Id.* at 2. In his motion, plaintiff also alleges that defendants denied him access to the courts when they stole his legal

materials. *Id.* at 4.

Plaintiff does not link the conduct in this motion to the conduct in the present lawsuit. In his motion for injunctive relief, plaintiff alleges confiscation of his legal property, denial of access to the courts, and retaliation. *Id.* at 1, 2, 4. However, in his complaint, plaintiff alleges that defendants denied him prompt and adequate medical care, which threatened his life and caused him severe pain and continuing disability (#1-1, p. 5). A motion for injunctive relief should relate to plaintiff's Eighth Amendment medical indifference claim. In fact, plaintiff filed a motion for injunctive relief related to his underlying Eighth Amendment claim (#13), which the court denied (#60, #64). New, unrelated complaints are properly lodged using the prison grievance system, and if they remain unresolved, by filing a new action. Moreover, plaintiff requests that this court order defendants and their subordinates to "desist retaliating against him by denying his access to the courts," and names several individuals who are not defendants in the underlying lawsuit (#74, p. 4).[5] The court does not have jurisdiction to decide plaintiff's motion for injunctive relief as his motion alleges different claims than the claim in his complaint, and involves individuals who are not defendants in the present lawsuit.[6]

Due to these procedural deficiencies, the court will not undertake a full analysis of plaintiff's request for injunctive relief. However, plaintiff does not attempt to meet the standard for the granting of injunctive relief. Plaintiff states the standard governing injunctive relief; however, he does not discuss how he meets the four preliminary injunction requirements.

The court recommends that plaintiff's motion for injunctive relief (#74) be denied because the allegations in the motion are not related to the allegations in plaintiff's present lawsuit and involve individuals who are not defendants in the present lawsuit. Furthermore, plaintiff did not

---

[5] Plaintiff claims that Isidro Baca, Sergeant Kim, ESP property Sergeant Witter, and Correctional Officers Sommervold, Hovan, Moran, and Brummeier confiscated his legal property and should be ordered to return it (#74, pp. 4, 11-12). These individuals are not defendants in the present lawsuit.

[6] Plaintiff may believe that his motion for injunctive relief is related to his Eighth Amendment claim because he needs his legal materials in order to pursue his Eighth Amendment claim. Nevertheless, plaintiff's claims regarding his legal property and access to the courts are unrelated to his Eighth Amendment medical indifference claim.

6

demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm related to his underlying claim, that the balance of equities tips in his favor, or that an injunction is in the public interest.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that plaintiff's motion for prospective injunctive relief (#74) be **DENIED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for prospective injunctive relief (#74) be **DENIED**.

**DATED:** March 21, 2012.

UNITED STATES MAGISTRATE JUDGE